IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| OKOEGUALE OBINYAN, § | |
|     PLAINTIFF, § | |
| § | |
| V. § | CASE NO. 18-CV-0933-D (BK) |
| § | |
| PRIME THERAPEUTICS LLC, § | |
| ET AL., § | |
|     DEFENDANTS. § | |

**FINDINGS CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and the District Judge's *Orders of Reference*, Doc. 12; Doc. 24; Doc. 34; Doc. 39; and Doc. 45, the motion to dismiss filed by several Defendants, Doc. 9; Doc. 19; Doc. 32; Doc. 35; and Doc. 41, have been referred to the undersigned United States Magistrate Judge for recommended dispositions. Upon review and for the reasons that follow, the motions to dismiss should be **GRANTED** to the extent stated here.

    **A. Procedural History**

In April 2018, Plaintiff filed this *pro se* complaint against (1) Prime Therapeutics LLC ("Prime"), his former employer; (2) Penelope Boyd Gear ("Gear"), Prime's Director of Pharmacy Receivables; (3) Robert Half International ("Robert Half"); (4) Mark Mason ("Mason"), named as "CPA Financial Executive Robert Half Management Resources"; (5) Alliance Rx Walgreen Prime ("Alliance"); and Walgreens (collectively, "Defendants"). Doc. 3. Plaintiff contends that in February 2017, he was "given a poor evaluation based false [sic] unsubstantiated allegation without due process," was excluded from team meetings and projects, and denied overtime. Doc. 3 at 4. Plaintiff asserts that he was laid off in October 2017, a week

after he complained that Mason's evaluation of his work was "dubious" and the evaluation was allowed to stand by "management." Doc. 3 at 4. Plaintiff further contends that Prime violated its own attendance policy by giving him a final warning for using three of the seven days available to him for unscheduled absences. Doc. 3 at 4. In his "statement of claim," Plaintiff avers that he was subjected to unequal terms and conditions of employment as well as retaliation based on his race and national origin. Doc. 3 at 5. His complaint contains no factual allegations relating to Gear, Robert Half, Alliance, or Walgreens.

Attached to Plaintiff's complaint is the right to sue letter issued by the Equal Employment Opportunity Commission ("EEOC"), as well as his charge of discrimination (the "Charge") in which he names only Prime and complains that he was discriminated against solely on the basis of his national origin—Liberian. Doc. 3 at 10-11. He elaborates in the Charge that in October 2017, he was told he was being let go before his department was scheduled to be closed the following month, which caused him a loss of income and benefits. Doc. 3 at 10. All Defendants, with the exception of Alliance, now move to dismiss Plaintiff's complaint pursuant to, *inter alia*, Rule 12(b)(6) of the Federal Rules of Civil Procedure.[1] Doc. 9; Doc. 19; Doc. 32; Doc. 35; Doc. 41.

### B.  Applicable Law

*1. Rule 12(b)(6) Standard*

A plaintiff fails to state a claim for relief under Rule 12(b)(6) when the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v.*

---

[1] Plaintiff obtained a default against Alliance, Doc. 56, and has moved for entry of a default judgment, Doc. 61. Alliance cross-moved to set aside the default. Doc. 62. Those motions, also referred to the undersigned magistrate judge, Doc. 66, which will be addressed in a recommendation.

*Twombly*, 550 U.S. 544, 570 (2007).  A plaintiff's complaint should "contain either direct allegations on every material point necessary to sustain a recovery . . . or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial."  *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995) (quotation omitted).  A court ruling on a Rule 12(b)(6) motion may rely on the complaint, documents properly attached to the complaint or incorporated into the complaint by reference, and matters of which a court may take judicial notice.  *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011).

*2. Title VII and the Administrative Exhaustion Requirement*

Title VII makes it unlawful for employers to discriminate against individuals with respect to their "compensation, terms, conditions, or privileges of employment, because of [their] race, color, religion, sex, or national origin."  42 U.S.C. § 2000e-2(a)(1).  Prior to filing a Title VII case in federal court, however, the plaintiff must exhaust his administrative remedies by filing a charge with the EEOC against his employer.  42 U.S.C. § 2000e-5(e)(1); *Davis v. Ft. Bend Cty.*, 893 F.3d 300, 303 (5th Cir. 2018), *pet. for cert. filed*, No. 18-525 (Oct. 18, 2018).  The federal circuit courts are split concerning whether Title VII's administrative exhaustion requirement is jurisdictional or merely a non-jurisdictional prerequisite to suit.  However, the Court of Appeals for the Fifth Circuit recently held that the exhaustion requirement is non-jurisdictional.  *See Davis*, 893 F.3d at 306-07 (collecting cases).

**C.  Parties' Arguments and Analysis**

*1. Robert Half and Walgreens*

Robert Half seeks dismissal of Plaintiff's complaint pursuant to both Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, arguing that because Plaintiff did not name

Robert Half in his Charge, he did not exhaust his administrative remedies as required by Title VII.  Doc. 20 at 3-4, 6-7.  Walgreens seeks dismissal on the same basis.  Doc. 33 at 8-9.  The parties also argue that Plaintiff was not an employee of Robert Half during the period in question and was never employed by Walgreens.  Doc. 20 at 3 n.2; Doc. 33 at 6-8.

Plaintiff does not respond directly to Robert Half's argument and instead argues that Mason is Robert Half's employee and worked as a contractor for Prime when Plaintiff's employment was terminated, making Robert Half vicariously liable.  Doc. 25 at 1, 3.  With respect to Walgreens, Plaintiff asserts that he became an employee of Alliance and, thus, of Walgreens when Walgreens and Prime founded Alliance together in April 2017.  Doc. 47 at 1.

Because the Fifth Circuit has recently concluded that the administrative exhaustion requirement is not jurisdictional, the Court will address the parties' exhaustion arguments under the rubric of Rule 12(b)(6).  *See Stroy v. Gibson ex rel. Dep't of Veterans Affairs*, 896 F.3d 693, 698 n.2 (5th Cir. 2018) (instructing district courts that when dismissing a claim for failure to exhaust under Federal Rule of Civil Procedure 12(b)(6), the dismissal should be without prejudice so that the plaintiff may refile his complaint after he has exhausted his administrative remedies).  It is undisputed that Plaintiff did not file an EEOC Charge against either Robert Half or Walgreens in connection with this case.  Moreover, the fact that Walgreens and Prime have a joint venture in the form of Alliance is immaterial to the issue of Plaintiff's failure to name Walgreens in his Charge.  Accordingly, Robert Half and Walgreens are entitled to dismissal of Plaintiff's complaint under Rule 12(b)(6) based on Plaintiff's failure to exhaust his administrative remedies.  *Davis*, 893 F.3d at 303, 306-07.

Ordinarily, the Court would recommend dismissal without prejudice based on the Fifth Circuit's direction in *Stroy*.  896 F.3d at 698 n.2.  Here, however, Plaintiff has already conceded

that he was not employed by either Robert Half or Walgreens during the timeframe in question. *See* Doc. 3 at 4 (Complaint alleging that he was denied "due process to Prime policies" . . . "Prime violated its own attendance policy by placing me on a final warning"); Doc. 3 at 6 (Complaint listing employer as Prime Therapeutics LLC); Doc. 3 at 10 (Charge naming employer as Prime Therapeutics LLC). Indeed, the only instance in which the Robert Half and Walgreens entities are even mentioned in Plaintiff's complaint are in the case caption. *See* Doc. 3 at 1. Plaintiff's arguments in attempt to recast his "relationship" with Robert Half and Walgreens made in response to their dismissal motions are without merit. As such, said claims are fatally flawed and any attempt to amend would be futile.

Accordingly, the claims against Robert Half and Walgreens be **DISMISSED WITH PREJUDICE**. *See McConathy v. Dr. Pepper/Seven Up Corp.*, 131 F.3d 558, 561-62 (5th Cir. 1998) (per curiam) (noting that dismissal with prejudice is appropriate if it appears that no relief can be granted under any set of facts that could be proven consistent with the plaintiff's allegations).

   *2. Mason and Gear*

Mason and Gear both move for dismissal with prejudice of Plaintiff's complaint based on, *inter alia*, Rule 12(b)(6) arguing that, as individuals, they cannot be held liable for alleged violations of Title VII. Doc. 36 at 6, 9-10; Doc. 42 at 8-10, 15. Plaintiff does not respond directly to this argument, instead focusing on Mason's and Gear's allegedly discriminatory and retaliatory acts against him. *See* Doc. 46; Doc. 55.

   As Mason and Gear correctly argue, a Title VII suit against an employee is, in effect, a suit against the corporate entity. *Indest v. Freeman Dec., Inc.*, 164 F.3d 258, 262 (5th Cir. 1999). As such, employees may not be sued for damages in their individual capacities. *Id.* Mason's and

Gear's motions to dismiss thus should be **GRANTED**, and Plaintiff's claims against them should be **DISMISSED WITH PREJUDICE**.[2]  *See Ackel v. Nat'l Commc'ns, Inc.*, 339 F.3d 376, 382 n.1 (5th Cir. 2003) (holding that individuals cannot be held liable under Title VII in either their individual or official capacities); *McConathy*, 131 F.3d at 561-62.

   *3. Prime*

Prime moves for dismissal of Plaintiff's complaint pursuant to (1) Rule 5(b) of the Federal Rules of Civil Procedure for insufficient service of process; and (2) Rule 12(b)(6) for failure to state a claim.  Doc. 10 at 9-14.  With respect to its Rule 5 argument, Prime alleges that Plaintiff never served a copy of either the summons or the operative complaint on any Prime officer, managing agent, or agent appointed to receive service of process.  Doc. 10 at 9-10.  Instead, Prime contends, an unidentified individual dropped off a copy of the summons and a different version of Plaintiff's complaint (which was never filed), as well as a copy of the Charge, with a Prime receptionist in Bloomington, Minnesota.  Doc. 10 at 8, 10; Doc. 10-1 at 4-5 (Decl. of Amy Taber, Prime's Employment & Litigation Senior Legal Counsel).  Prime avers that the receptionist is not an officer, managing agent, or authorized agent for service of process on Prime, and the address at which the summons was dropped off is not Prime's principal executive office address.  Doc. 10 at 10; Doc. 10-1 at 4-5 (Taber Decl.).

---

[2] Plaintiff also attempts to hold Gear liable under a "cat's paw" theory for a newly alleged violation of 42 U.S.C. § 1981, Doc. 55 at 1, but that theory provides no support for individual liability under Title VII either.  *See Zamora v. City of Houston*, 798 F.3d 326, 332 (5th Cir. 2015) (discussing the cat's paw theory and observing that "if a supervisor performs an act motivated by [unlawful] animus that is *intended* by the supervisor to cause an adverse employment action, and if that act is a proximate cause of the ultimate employment action, then the *employer* is liable.") (quotation omitted) (latter emphasis added).

Plaintiff responds that he properly served the summons on Taber via a licensed process server, and the summons was signed for by Janell Winstead whom the process server states is a "managing agent" for Prime.  Doc. 7; Doc. 17 at 1.  Plaintiff also points out that Taber was copied on the EEOC's right to sue letter, indicating that she is "the legal agent in this case."  Doc. 17 at 1.

Upon consideration, the Court concurs with Prime.  Service of process on a domestic corporation must be effectuated either (1) according to the law of the state where the district court is located; or (2) by delivering a copy of the summons and complaint to an officer, managing or general agent, or other agent authorized by appointment or by law to receive service of process.  FED. R. CIV. P. 4(e)(1), 4(h)(1)(A), 4(h)(1)(B)).  Moreover, to sufficiently serve a corporation under Texas state law, a qualified individual must serve process, in the manner permitted for serving a natural person, on the corporation's president, vice-president, or registered agent.  TEX. BUS. ORG. CODE §§ 5.201(b) and 5.255(1).

While Plaintiff included with his summons to Prime an iteration of the complaint on file, it is not the same complaint filed in this case.  *Cf*. Doc. 3 at 1-7 *with* Doc. 10-1 at 9.  Thus, Plaintiff did not properly effectuate service of the filed complaint.  *See Carimi v. Royal Carribean Cruise Line, Inc.*, 959 F.2d 1344, 1345-46 (5th Cir. 1992) (stating that service of a summons without a copy of the complaint on file constitutes insufficient service).  Moreover, Prime's legal counsel has averred in her Declaration that (1) the receptionist who signed for the summons was not authorized to accept service; and (2) Plaintiff did not serve the summons and complaint at Prime's principal place of business.

For the foregoing reasons, Prime's motion to dismiss for insufficient service of process should be **GRANTED**.  However, Plaintiff should be given a reasonable period from the date the

Court adopts this recommendation to properly effectuate service on Prime. Because the Court finds that Prime has not been properly served, it cannot consider the merits of Prime's Rule 12(b)(6) motion.

### D. Conclusion

For the reasons stated above, Robert Half's *Motion to Dismiss*, Doc. 19, Walgreens' *Motion to Dismiss*, Doc. 32, Mason's *Motion to Dismiss*, Doc. 35, and Gear's *Motion to Dismiss*, Doc. 41, should be **GRANTED**, and the claims against those Defendants should be **DISMISSED WITH PREJUDICE**. Prime's *Motion to Dismiss*, Doc. 9, for insufficient service of process should be **GRANTED** to the extent that Plaintiff be given a reasonable period following the District Judge's order accepting this recommendation to properly effectuate service of process on Prime. If Plaintiff fails to do so, the Court may consider dismissing his claims for failure to prosecute.

**SO RECOMMENDED** on December 13, 2018.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *modified by statute on other grounds,* 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).