IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| OKOEGUALE OBINYAN, | § | |
| PLAINTIFF, | § | |
| | § | |
| V. | § | CASE NO. 3:18-CV-933-D-BK |
| | § | |
| ALLIANCE RX WALGREEN PRIME, | § | |
| DEFENDANT. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the District Judge's *Order of Reference*, Doc. 66, Plaintiff's *Motion for Entry of Default Judgment*, Doc. 61, and Defendant's *Motion to Set Aside Entry of Default*, Doc. 62, are before the Court for findings and recommended disposition. As stated here, Defendant's motion should be **GRANTED**, and Plaintiff's motion should be **DENIED AS MOOT**.

**I.  BACKGROUND**

This action is brought under Title VII of the Civil Rights Act of 1964. Doc. 3 at 6. Plaintiff, who is proceeding *pro se*, alleges he was denied due process in connection with a false allegation that formed the basis for a poor performance evaluation he received from his former employer (and former defendant) Prime Therapeutics. Doc. 3 at 3, 6. Plaintiff asserts he was terminated by Prime Therapeutics due to his race and national origin a week after complaining about the false allegation. Doc. 3 at 4-6. Plaintiff initially sued multiple defendants, but his claims against all except Defendant Alliance Rx Walgreen Prime ("Defendant") have been dismissed. *See* Doc. 75.

Plaintiff filed his complaint on April 13, 2018. Doc. 3. Defendant was served on May 31, 2018. Doc. 13. The Clerk of Court entered a default as to Defendant on October 17, 2018. Doc. 56. Plaintiff moved for a default judgment against Defendant on October 24, 2018. Doc. 61. On the same day, Defendant filed his *Motion to Set Aside Entry of Default Judgment [sic] of Walgreens Specialty Pharmacy Holdings, LLC, Incorrectly Named as Alliance Rx Walgreen Prime*.[1] Doc. 62.

## II.    PARTIES' ARGUMENTS

Walgreens Specialty, which contends it is incorrectly named Alliance in this action, argues that the Court should set aside the default against it because (1) it did not willfully fail to respond to Plaintiff's complaint, (2) it has meritorious defenses to Plaintiff's complaint since it did not employ Plaintiff, and (3) Plaintiff will not be prejudiced by setting aside the entry of default. Doc. 63 at 9-14. Defendant argues, in relevant part, that the failure to respond to Plaintiff's complaint was caused by a miscommunication between its employees and there were no repeated delays, intentional conduct, or other gamesmanship that would warrant an entry of default. Doc. 63 at 10-11. Defendant further argues that Plaintiff cannot show "that the delay [caused by granting its *Motion to Set Aside Entry of Default*] will result in the loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion." Doc. 63 at 12-14.

Plaintiff responds that (1) Defendant willfully failed to respond to the summons, (2) Defendant's alleged defenses are baseless, and (3) setting aside the default would prejudice him.

---

[1] For purposes of brevity, Alliance Rx Walgreen Prime will be referred to hereafter as "Alliance," and Walgreens Specialty Pharmacy Holdings, LLC will be referred to as "Walgreens Specialty."

Doc. 70 at 3. Specifically, Plaintiff contends that Defendant is willfully misrepresenting that it was incorrectly named in his complaint as Alliance, and he points to an online article and an e-mail in support of his allegation that he was employed by Alliance, not Walgreens Specialty. Doc. 70 at 3, 5-9. Plaintiff also argues that setting aside the default would be "extremely prejudicial" because Walgreens Specialty's statements "are based on Fraud and Willful Misrepresentation" and "[s]etting aside an entry of default should be based on Merits of the motion and not false information." Doc. 70 at 3.

### III.  APPLICABLE LAW

An entry of default may be set aside for good cause. FED. R. CIV. P. 55(c). The requirement of good cause has generally been interpreted liberally. *Effjohn Int'l Cruise Holdings, Inc. v. A & L Sales Inc.*, 346 F.3d 552, 563 (5th Cir. 2003). Three factors are considered in determining whether good cause exists: (1) whether the failure to act was willful; (2) whether setting the default aside would prejudice the adversary; and (3) whether a meritorious defense has been presented. *United States v. One Parcel of Real Prop.*, 763 F.2d 181, 183 (5th Cir. 1985). These factors are not exclusive; instead, they are to be regarded as a means to identify good cause. *Matter of Dierschke*, 975 F.2d 181, 183 (5th Cir. 1992). Additionally, courts favor resolving actions on the merits; therefore, any doubts are resolved in favor of the defendant. *See* Lacy v. Sitel Corp., 227 F.3d 290, 292 (5th Cir. 2000) (observing that "federal courts should not be agnostic with respect to the entry of default judgments which are 'generally disfavored in the law'") (internal citation omitted).

**IV.  ANALYSIS**

*a. willfulness*

In determining whether the default was willful, the court considers whether there is excusable neglect. *CJC Holdings, Inc. v. Wright & Lato, Inc.*, 979 F.2d 60, 64 (5th Cir. 1992). Excusable neglect has been found to include "late filings that were due to mistake, inadvertence or carelessness and not to bad faith." *Mattress Giant Corp. v. Motor Advert. & Design Inc.*, No. 3:07-CV-1728-D, 2008 WL 898772, at *2 (N.D. Tex. Mar. 31, 2008) (Fitzwater, C.J.) (quoting *Panis v. Mission Hills Bank, N.A.*, 60 F.3d 1486, 1494 (10th Cir. 1995)).

Defendant relies on the declarations of Christina Woodworth, Legal Coordinator for Walgreen Company, and Kimberly G. Metrick, Director and Managing Counsel for Walgreen Company, to establish that its failure to timely respond to Plaintiff's complaint was not willful. Doc. 64-1; Doc. 64-3. Woodworth attests that she received proof of service of process and forwarded it to Metrick via email. Doc. 64-1 at 2. However, Woodworth did not "identify it as urgent or provide any deadline or highlight it as [she] usually would in the context of a communication regarding service of process of a complaint," because the summons identified Alliance, an entity with which she was not familiar, rather than Walgreens, as Defendant. Doc. 64-1 at 1-2.

Metrick avers that Alliance "is not a distinct legal entity," but "is a fictitious name used by certain pharmacies of a Walgreens affiliate named Walgreens Specialty Pharmacy Holdings, LLC." Doc. 64-3 at 1. She further avers that because the email from Woodworth was not "highlighted in red, marked as important, and [did not] provide the specific applicable deadlines," as is the usual practice when Walgreens is served with process, Metrick did not realize that it related to service of process for which a responsive pleading was required until

4

after the deadline had passed. Doc. 64-3 at 2. When Metrick discovered that a default had been entered against Alliance, she immediately took steps to secure counsel to represent Walgreens Specialty and address the entry of default. Doc. 64-3 at 2.

On this record, for which Plaintiff offers no direct contradiction, the Court finds that Defendant's failure to timely respond to service of process was the result of mistake or inadvertence and was not willful. As such, Defendant's failure to timely respond to the complaint is due to excusable neglect and not an intentional failure to respond to litigation.[2] *See CJC Holdings, Inc.*, 979 F.2d at 64; *Mattress Giant Corp. v. Motor Advertising & Design Inc.*, 2008 WL 898772 at *2.

    b. *prejudice*

To establish prejudice, "the plaintiff must show that the delay will result in the loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion." *Lacy*, 227 F.3d at 293 (quoting *Berthelsen v. Kane*, 907 F.2d 617, 622 (6th Cir. 1990)). No prejudice exists to the plaintiff "where the setting aside of the default has done no harm to plaintiff except to require it to prove its case." *Id.* (citation omitted). Here, Plaintiff would not be prejudiced by the setting aside of the default because this case is still in the initial stages of litigation. Indeed, Plaintiff has offered no proof that the delay will result in any real harm to him, other than having to prove his claims. *See Hibernia Nat'l Bank v. Administracion Cent. Sociedad Anonima*, 776 F.2d 1277, 1280 (5th Cir. 1985) (concluding that prejudice to the

---

[2] Plaintiff argues that he did not err in failing to name Walgreens Specialty as the proper defendant, however, his exhibits only illustrate that "AllianceRX Walgreen Prime" is a service mark and not a distinct legal entity. Doc. 70 at 5. The registration of a name as a service mark does not make that mark a legal entity. *N. Cypress Med. Ctr. Operating Co., Ltd. v. CIGNA Healthcare*, 782 F. Supp. 2d 294, 316–17 (S.D. Tex. 2011), *aff'd sub nom. N. Cypress Med. Ctr. Operating Co. v. Cigna Healthcare*, 781 F.3d 182 (5th Cir. 2015).

plaintiff must involve more than the mere possibility of delay inherent in every case).  While Plaintiff argues that Alliance and Walgreen Specialty's statements regarding their corporate status "are based on Fraud and Willful Misrepresentation" and therefore it would be "extremely prejudicial" to Plaintiff were the Court to set aside the entry of default, Doc. 70 at 3, such conclusory statements are not persuasive.  Thus, the Court concludes that setting aside the default will not unfairly prejudice Plaintiff.

    *c. potentially meritorious defense*

 "A defendant's allegations are meritorious if they contain 'even a hint of a suggestion' which proven at trial, would constitute a complete defense." *Joe Hand Promotions, Inc. v. Adame*, EP-12-CV-141-KC, 2012 WL 3561367, at *3 (W.D. Tex. Aug. 16, 2012) (quoting *Side by Side Redevelopment, Inc. v. City of New Orleans*, CIV.A. 09-03861, 2010 WL 375237, at *3 (E.D. La. Jan. 25, 2010)).  In order to prevail on his claim of employment discrimination against Defendant, Plaintiff must establish, *inter alia*, that Defendant was his employer. *See* 42 U.S.C.A. § 2000e-2 (defining unlawful employment practices "for an employer").

 Defendant avers that it never employed Plaintiff, offering supporting evidence that suggests Plaintiff was at all relevant times employed by former Defendant Prime Therapeutics, LLC, and was only "leased" to Defendant.  Doc. 63 at 11; Doc. 64-2 at 1-2 (Decl. of Daniel M. Tardiff, Chief Legal Counsel and Corporate Secretary for Walgreens Specialty).  Whether Plaintiff can refute Defendant's suggestion of a complete defense is a question for the trier of fact.  For purposes of the motion to set aside default, however, the Court concludes that Defendant has met its burden of establishing by more than "a hint of suggestion" that it was not Plaintiff's employer.

6

## V.  CONCLUSION

For the foregoing reasons, Defendant's *Motion to Set Aside Entry of Default*, Doc. 62, should be **GRANTED** and Plaintiff's *Motion for a Default Judgment*, Doc. 61, should be **DENIED AS MOOT**.

**SO RECOMMENDED** on June 26, 2019.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).