IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| OKOEGUALE OBINYAN, | § | |
|     PLAINTIFF, | § | |
| | § | |
| V. | § | CIVIL CASE NO. 3:18-CV-933-D-BK |
| | § | |
| PRIME THERAPEUTICS LLC, | § | |
| ET AL., | § | |
|     DEFENDANTS. | § | |

**FINDINGS CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and the District Judge's *Order of Reference*, Doc. 80, Plaintiff's *Motion to Reinstate Case on Docket*, Doc. 79, is before the Court for findings and a recommended disposition. For the reasons that follow, Plaintiff's motion should be **DENIED**.

On January 18, 2019, the presiding district judge accepted the recommendation (the "FCR") of the undersigned magistrate judge that Plaintiff's case against Prime Therapeutics, LLC ("Prime") be dismissed due to insufficient service of process and gave Plaintiff 21 days to effect service on Prime. Doc. 74 at 7; Doc. 75 at 2. The Court also warned Plaintiff that if he failed to do so, his claims against Prime would be dismissed without further notice. Doc. 75 at 2. Plaintiff did not act within the 21-day period. Consequently, the district judge dismissed his claims against Prime without prejudice for lack of prosecution and failure to comply with a court order. Doc. 77.

Shortly thereafter, Plaintiff filed the instant motion seeking to reopen his case. Doc. 79. Plaintiff argues that he properly perfected service on Prime on June 15, 2018 – before the FCR was issued. Despite Plaintiff's arguments to the contrary, he did not properly serve Prime prior

to the issuance of the FCR for the reasons stated therein. Nor did Plaintiff comply with the district judge's order to properly serve Prime within 21 days of the date of that order. Accordingly, Plaintiff's *Motion to Reinstate Case on Docket*, Doc. 79, should be **DENIED**.

    **SO RECOMMENDED** on August 9, 2019.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute,* 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).