IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

OKOEGUALE OBINYAN, §
 §
 Plaintiff, §
 § Civil Action No. 3:18-CV-0933-D
VS. §
 §
PRIME THERAPEUTICS LLC, et al. §
 §
 Defendants. §

MEMORANDUM OPINION
AND ORDER

Plaintiff Okoeguale Obinyan ("Obinyan") sues defendant Walgreens Specialty Pharmacy Holdings, LLC ("WSPH")[1] for race and national origin discrimination and retaliation. WSPH moves to dismiss. For the reasons that follow, the court grants the motion but grants Obinyan leave to replead.

I

This is a *pro se* action by plaintiff Obinyan, seeking to recover on claims of race and national origin discrimination and retaliation, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq*. Obinyan is a former employee of Prime Therapeutics LLC ("Prime"). Obinyan brought this lawsuit against Prime, WSPH, Walgreens, Robert Half International Inc. ("Robert Half"), Penelope Boyd-Gear ("Boyd-Gear"), and Mark Mason ("Mason"). The court has dismissed Obinyan's claims against all

---

[1]Obinyan's complaint incorrectly names WSPH as "Alliance Rx Walgreen Prime." *See* Aug. 13, 2019 Order at 1.

defendants other than WSPH.[2]

WSPH now moves to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), contending that because Obinyan has not filed with the Equal Employment Opportunity Commission ("EEOC") a charge of discrimination against WSPH, he has failed to properly exhaust his administrative remedies as required by Title VII; that Obinyan cannot, as a matter of law or fact, establish a prima facie case of discrimination or retaliation against WSPH because, as Obinyan acknowledges in his complaint, WSPH was not his employer; and that even if Obinyan's claims could be properly asserted against WSPH, his allegations that he was excluded from meetings, denied overtime, and laid off after complaining of an allegedly "dubious" report do not amount to adverse employment actions or protected activity for purposes of his disparate treatment and retaliation claims. Obinyan opposes WSPH's motion.

II

In deciding WSPH's Rule 12(b)(6) motion, the court evaluates the sufficiency of Obinyan's complaint by "accept[ing] 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th

---

[2]On January 18, 2019 the court adopted the magistrate judge's December 13, 2018 findings, conclusions, and recommendation and granted the motion to dismiss filed by defendants Walgreens, Robert Half, Mason, and Boyd-Gear; granted the motion to dismiss for insufficient service of process filed by defendant Prime; and entered a final Fed. R. Civ. P. 54(b) judgment in favor of Robert Half, Walgreens, Mason, and Boyd-Gear. On February 12, 2019 the court entered a final Rule 54(b) judgment in favor of Prime. Obinyan has appealed the January 18, 2019 order.

Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). To survive a motion to dismiss, Obinyan must allege enough facts "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *see also Twombly*, 550 U.S. at 545 ("Factual allegations must be enough to raise a right to relief above the speculative level[.]"). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Rule 8(a)(2)). Furthermore, under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Although "the pleading standard Rule 8 announces does not require 'detailed factual allegations,'" it demands more than "labels and conclusions." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). And "a formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting *Twombly*, 550 U.S. at 555). Because Obinyan is proceeding *pro se*, the court construes the allegations of the complaint liberally. *See Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980) (per curiam); *SEC v. AMX, Int'l, Inc.*, 7 F.3d 71, 75 (5th Cir. 1993) (per curiam).

III

WSPH moves to dismiss on the ground that Obinyan did not exhaust his administrative remedies because he did not file an EEOC charge of discrimination against WSPH.

A

"It is well settled that courts may not entertain claims brought under Title VII as to which an aggrieved party has not first exhausted his administrative remedies by filing a charge of discrimination with the EEOC." *Kretchmer v. Eveden, Inc.*, 2009 WL 854719, at *3 (N.D. Tex. Mar. 31, 2009) (Fitzwater, C.J.) (citing *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378-79 (5th Cir. 2002) ("Employment discrimination plaintiffs must exhaust administrative remedies before pursuing claims in federal court. Exhaustion occurs when the plaintiff files a timely charge with the EEOC and receives a statutory notice of right to sue.")), *aff'd*, 374 Fed. Appx. 493 (5th Cir. 2010). "This requirement serves the dual purposes of affording the EEOC and the employer an opportunity to settle the dispute through conciliation, and giving the employer some warning as to the conduct about which the employee is aggrieved." *Hayes v. MBNA Tech., Inc.*, 2004 WL 1283965, at *3 (N.D. Tex. June 9, 2004) (Fitzwater, J.) (citing *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 44 (1974); *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 466 (5th Cir. 1970)). Because exhaustion of administrative remedies in a Title VII case is an affirmative defense,[3]

---

[3]The Supreme Court recently held, in *Fort Bend County, Texas v. Davis*, ___ U.S. ___, 139 S.Ct. 1843 (2019), that the exhaustion requirement of Title VII is a mandatory

defendants are not entitled to dismissal of Obinyan's Title VII claims on this basis unless it appears from the face of the complaint that Obinyan has not exhausted his administrative remedies. *Id.*

B

In his EEOC charge of discrimination, which Obinyan attaches to his complaint,[4] he does not list WSPH as his employer. As a general rule, "a party not named in an EEOC charge may not be sued under Title VII." *E.E.O.C. v. Simbaki, Ltd.*, 767 F.3d 475, 481 (5th Cir. 2014) (quoting *Way v. Mueller Brass Co.*, 840 F.2d 303, 307 (5th Cir. 1988)). But "[a] party not named in an EEOC charge may still face suit if there [is] sufficient identity-of-interest between the named and the unnamed party,"[5] *Chandra v. Bowhead Science &*

---

procedural rule, "not a jurisdictional prescription delineating the adjudicatory authority of courts," resolving a conflict among the courts of appeals over whether Title VII's charge-filing requirement is jurisdictional. *Id*. at 1851.

[4]In deciding defendant's motion, the court is permitted to consider this document, which is attached to the complaint. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

[5]Courts in the Fifth Circuit consider the following four factors to determine "identity-of-interest":

> (1) whether the role of the unnamed party could through reasonable effort by the complainant be ascertained at the time of the filing of the EEOC complaint; (2) whether under the circumstances, the interests of a named [party] are so similar as the unnamed party's that for the purpose of obtaining voluntary conciliation and compliance it would be unnecessary to include the unnamed party in the EEOC proceeding; (3) whether its absence from the EEOC proceedings resulted in actual prejudice to the interests of the unnamed party; (4) whether the unnamed party has in some way represented to the complainant that its

*Technology, LLC*, 2017 WL 2729967, at *7 (N.D. Tex. June 26, 2017) (Boyle, J.) (internal quotation marks omitted) (quoting *Simbaki*, 767 F.3d at 482), or if the "unnamed party has been provided with adequate notice of the charge, under circumstances where the party has been given the opportunity to participate in conciliation proceedings aimed at voluntary compliance," *Simbaki*, 767 F.3d at 483 (quoting *Eggleston v. Chicago Journeymen Plumbers' Local Union No. 130, U.A.*, 657 F.2d 890, 905 (7th Cir. 1981)).

Obinyan only lists Prime as his employer in his charge of discrimination. In response to WSPH's motion to dismiss, however, he asserts that "he became an employee of AllianceRx Walgreens Prime after March 31, 2017, Walgreens Boots Alliance and pharmacy benefit manager Prime Therapeutics LLC closed a transaction to form a combined central specialty pharmacy and mail services company, AllianceRx Walgreens Prime." P. Br. 3. Assuming *arguendo* that, in referring to "AllianceRX Walgreens Prime," Obinyan intended to refer to WSPH, it appears that Obinyan is arguing that as a result of some sort of merger, Prime and WSPH became a combined entity during his period of employment. Setting aside Obinyan's failure to plead these alleged facts,[6] the court cannot conclude, based solely on the

---

      relationship with the complainant is to be through the named
      party.

*Hartz v. Adm'rs of Tulane Educ. Fund*, 275 Fed. Appx. 281, 286 (5th Cir. 2008) (per curiam) (alteration in original) (quoting *St. Cyr v. Merrill Lynch, Pierce, Fenner, & Smith, Inc.*, 540 F. Supp. 889, 891-92 (S.D. Tex. 1982)).

[6]Not only has Obinyan not pleaded these facts, he continues to incorrectly refer to WSPH as "AllianceRx Walgreens Prime."

face of the complaint, that WSPH and Prime either do not have an identity of interest or that WSPH did not have adequate notice of Obinyan's EEOC charge. Accordingly, the court denies WSPH's motion to dismiss on the ground that Obinyan did not exhaust his administrative remedies as to WSPH.

IV

The court next considers WSPH's second ground for dismissal, i.e., that Obinyan does not allege that WSPH was his employer.

A

Title VII prohibits an "employer" from discriminating against "any individual . . . because of such individual's race, color, religion, sex, or national origin[.]" 42 U.S.C. § 2000e-2(a). Similarly, the statute prohibits an "employer" from discriminating against "any of his employees or applicants for employment . . . because he has opposed any practice made an unlawful employment practice[.]" *Id.* § 2000e-3(a). "As Title VII prohibits discrimination in the employment context, generally only employers may be liable under Title VII." *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007) (citation omitted) (citing *Oden v. Oktibbeha Cty., Miss.*, 246 F.3d 458, 462 (5th Cir. 2001)). This means that, to establish Title VII liability on the part of a particular defendant, the plaintiff must prove both that the defendant meets Title VII's definition of "employer," i.e., "a person engaged in an industry affecting commerce who has fifteen or more employees . . . , and any agent of such a person . . . ," *Muhammad v. Dallas County Community Supervision & Corrections Department*, 479 F.3d 377, 380 (5th Cir. 2007) (quoting 42

U.S.C. § 2000e(b)), and that "an employment relationship exists between the plaintiff and the defendant," *id.* (citing *Deal v. State Farm County Mutual Insurance Co.*, 5 F.3d 117, 118 n.2 (5th Cir. 1993)).

B

Obinyan's complaint refers only to defendant Prime. *See* Compl. at 1, 4 (alleging "[I] was given a poor evaluation based false unsubstantiated allegation without due process to Prime policies," and "Prime violated its own attendance policy by placing me on a final warning for using 3 of the 7 days available to me for unscheduled absences."). He lists his place of employment as "Prime Therapeutics llc." *Id.* at 6. And in his charge of discrimination, which Obinyan has attached to his complaint, Obinyan only lists Prime as his employer. *Id.* at 10. Nowhere in his compliant or in his charge of discrimination does Obinyan plead that WSPH is his employer or even mention WSPH. He has certainly not plausibly alleged, even under the more liberal standard applied to *pro se* pleadings, that WSPH was his employer for purposes of his Title VII claim.

Although, as discussed above, Obinyan alleges in his response brief that after March 31, 2017 he became an employee of "AllianceRx Walgreens Prime," (which the court assumes *arguendo* refers to WSPH), he does not plead any of these facts in his complaint. This court has repeatedly held that, when ruling on a motion to dismiss, the court does not consider additional facts that are alleged in a response brief but not in the complaint. *See Wilson v. Deutsche Bank Tr. Co. Ams.*, 2019 WL 2578625, at *4 (N.D. Tex. June 24, 2019) (Fitzwater, J.) (citing *Leal v. McHugh*, 731 F.3d 405, 407 n.2 (5th Cir. 2013); *Roubinek v.*

*Select Portfolio Servicing Inc.*, 2012 WL 2358560, at *3 n.2 (N.D. Tex. June 21, 2012) (Fitzwater, C.J.)); *see also Sw. Bell Tel., LP v. City of Houston*, 529 F.3d 257, 263 (5th Cir. 2008) ("[W]hen deciding, under Rule 12(b)(6), whether to dismiss for failure to state a claim, the court considers, of course, only the allegations in the complaint."). Accordingly, because Obinyan has failed to plead that WSPH was his employer for purposes of his Title VII claim, or that there was an employment relationship between Obinyan and WSPH, the court grants WSPH's motion to dismiss Obinyan's claims asserted against it.[7]

V

Although the court is dismissing Obinyan's claims against WSPH, it will grant him leave to replead. It is the practice of this court to afford litigants "at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable." *See In re Am. Airlines, Inc., Privacy Litig.*, 370 F.Supp.2d 552, 567-68 (N.D. Tex. 2005) (Fitzwater, J.) (quoting *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002)). Furthermore, in granting leave to replead, the court takes into consideration that Obinyan is proceeding *pro se*. *See, e.g., Smallwood v. Bank of Am.*, 2012 WL 32654, at *5 (N.D. Tex. Jan. 6, 2012) (Fitzwater, C.J.) (granting leave to file third amended complaint because plaintiffs were appearing *pro se*). Because Obinyan has not stated that he cannot, or is unwilling to, cure the defects that the court has identified, the

---

[7]Because the court is dismissing Obinyan's claims against WSPH on this ground, it does not address WSPH's third ground for dismissal, i.e., that Obinyan has failed to plead an adverse employment action.

court grants him 28 days from the date this memorandum opinion and order is filed to file a first amended complaint against WSPH.[8]  WSPH may move anew to dismiss the first amended complaint if it has grounds to do so.

* * *

Accordingly, for the reasons explained, the court grants WSPH's motion to dismiss but grants Obinyan leave to replead his claims against WSPH.

**SO ORDERED**.

October 31, 2019.

SIDNEY A. FITZWATER
SENIOR JUDGE

---

[8]In granting Obinyan leave to amend, the court is permitting Obinyan to replead his claims against WSPH only.  Obinyan may not use his amended complaint to reassert his claims against Walgreens, Robert Half, Mason, Boyd-Gear, or Prime, each of whom has been dismissed by Rule 54(b) final judgment.