IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| OKOEGUALE OBINYAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 3:18-CV-0933-D |
| VS. | § | |
| | § | |
| PRIME THERAPEUTICS LLC, et al., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
AND ORDER

The court denies the January 22, 2020 motion of defendant Walgreens Specialty Pharmacy Holdings, LLC ("WSPH") to dismiss *pro se* plaintiff Okoeguale Obinyan's ("Obinyan's") first amended complaint.[1]

WSPH moves under Fed. R. Civ. P. 12(b)(6) to dismiss Obinyan's first amended complaint on the ground that he does not allege that WSPH was his employer at any relevant time. The court must liberally construe the allegations of a *pro se* complaint. *See, e.g., Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" (citation omitted) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976))); *see also Coleman v. United States*, 912 F.3d

---

[1]Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

824, 828 (5th Cir. 2019); *Simmons v. Jackson*, 2016 WL 2646738, at *2 (N.D. Tex. May 10, 2016) (Fitzwater, J.). Liberally construed, the first amended complaint appears to attempt to plead that WSPH became Obinyan's employer as the result of an April 3, 2017 commercial transaction. *See* Am. Compl. at 1 ("The formation of Joint Venture between Prime Therapeutics Inc and Walgreens on April 3[,] 2017 moved my Department of Accounts Receivable to New Company Walgreens Specialty Pharmacy Holding (PBM) Prime Therapeutics LLC (Prime)."). Considering Obinyan's *pro se* status, and the apparently complicated nature (at least to a *pro se* litigant) of WSPH's relationship with Prime's employees after the April 3, 2017 transaction,[2] the court concludes that Obinyan should be afforded an opportunity to conduct discovery regarding the corporate entity that employed him before he must risk dismissal of his suit against WSPH.

Accordingly, the court declines to dismiss this case under Rule 12(b)(6) based on the first amended complaint. The court expresses no view on whether dismissal may be warranted later, such as at the summary judgment stage. WSPH's January 22, 2020 motion

---

[2]WSPH contends in its motion to dismiss that "in March of 2017, WSPH became the owner of certain pharmacy facilities, such as the Irving, Texas facility where Plaintiff worked for Prime, and . . . Prime leased its employees to WSPH until December 31, 2017, over two months after Plaintiff's employment with Prime ended." D. Br. 7.

to dismiss is denied.

**SO ORDERED**.

March 5, 2020.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE