IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| OKOEGUALE OBINYAN, § | |
| § | |
| Plaintiff, § | |
| § | Civil Action No. 3:18-CV-0933-D |
| VS. § | |
| § | |
| PRIME THERAPEUTICS LLC, et al., § | |
| § | |
| Defendants. § | |

MEMORANDUM OPINION
AND ORDER

The court denies plaintiff Okoeguale Obinyan's ("Obinyan's") October 20, 2020 motion to compel production of documents and interrogatory responses from third party Prime Therapeutics LLC and November 2, 2020 motion to compel production of documents and interrogatory responses for third party Walgreens LLC for the reasons that follow.[1]

I

In his October 20, 2020 motion, Obinyan states that he requested from nonparty Prime Therapeutics LLC ("Prime") discovery relating to the name of the company and the merger that resulted in the formation of defendant Walgreens Specialty Pharmacy Holdings, LLC ("WSPH") and that this discovery is relevant to determine who was Obinyan's employer after the merger; that he requested documents and interrogatories "from a Principled Actor

---

[1]Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

who Perpetrated acts of Discrimination and Retaliation in the Plaintiff['s] Claim," P. 10/20/20 Mot. 3, and that this information has already been provided to WSPH "but the most vital documents to the Plaintiff['s] claim was meticulously omitted," *id.*; and that he requested discovery regarding the policy decisions taken by Prime's employees that led to his termination and the actions Prime took after being informed by the Equal Employment Opportunity Commission about Obinyan's complaint, but Prime "did not produce a single new Document, but rather sent the same old documents sent in response to Subpoena by Defendant [WSPH]," *id.*

To the extent Obinyan seeks to compel interrogatory responses from Prime, who is not a party to this lawsuit, Obinyan's motion is denied. Interrogatories may not be directed to nonparties. *See* Fed. R. Civ. P. 33(a)(1) ("[A] party may serve *on any other party* no more than 25 written interrogatories[.]").

Regarding Obinyan's requests for production of documents, assuming *arguendo* that the discovery Obinyan seeks is relevant[2] and that Obinyan has complied with the requirements of Rule 45,[3] the court nevertheless denies Obinyan's motion because he has failed to explain what additional documents he requires or why the documents that Prime has

---

[2]*See SEC v. AmeriFirst Funding, Inc.*, 2008 WL 926587, at *2 (N.D. Tex. Apr. 7, 2008) (Fitzwater, C.J) ("The burden lies with the moving party to show clearly that the information sought is relevant to the case and would lead to admissible evidence." (citation omitted)).

[3]Rule 34(c) states: "[a]s provided in Rule 45, a nonparty may be compelled to produce documents and tangible things or to permit an inspection."

- 2 -

already apparently produced are not sufficiently responsive to his discovery requests.

II

In his November 2, 2020 motion, which seeks to compel discovery from nonparty Walgreen Co. ("Walgreens"),[4] Obinyan states that in requests for production Nos. 1 and 4, he

> requested documents and responses that were relevant to the Name of the company[,] Information about the combination to form a company between [Prime] and Defendant [WSPH]. These Document was relevant to determine who was the Plaintiff Employer was after the combination to form a company between Defendant and [Prime].

P. 11/2/20 Mot. 2-3. But Obinyan does not contend that Walgreens or Walgreens Boots Alliance, Inc. ("WBA")[5] failed to respond or insufficiently responded to these discovery requests. Nor does he explain what additional discovery he requires or why. Accordingly, to the extent that Obinyan seeks to compel the production of discovery in response to requests for production Nos. 1 or 4, his motion is denied.

Obinyan next states that "Third Party Walgreens LLC failed to Produce a Single response to 7 Interrogatories sent by the Plaintiff." P. 11/2/20 Mot. 3. It is undisputed,

---

[4]Obinyan's motion refers to "Walgreens LLC." In its response to Obinyan's motion, Walgreens Boots Alliance, Inc. ("WBA") states that the motion "appears to be based on a subpoena to Walgreen Co. . . . , who Plaintiff incorrectly named as 'Walgreens LLC' in his subpoena." WBA Resp. 1.

[5]Although Obinyan's November 2, 2020 motion refers only to "Walgreens LLC" and does not mention WBA, Obinyan has attached WBA's discovery responses, and WBA has responded to Obinyan's motion, noting that "Plaintiff's Motion to Compel references the subpoena responses of another third party, [WBA]." WBA Resp. 1.

however, that neither Walgreens nor WBA is a party to this lawsuit. As stated above, interrogatories directed to nonparties are not permitted under Rule 33.

Obinyan does not include any other arguments in support of his November 2, 2020 motion to compel. The court therefore denies the motion.

\* \* \*

Accordingly, for the reasons explained, the court denies Obinyan's October 20, 2020 motion to compel and his November 2, 2020 motion to compel.

**SO ORDERED**.

January 14, 2021.

*[signature]*
SIDNEY A. FITZWATER
SENIOR JUDGE